Filing # 144819828 E-Filed 03/01/2022 01:33:54 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

JESSICA NEWMAN,

    Plaintiff,

v.                                                                                  Case No.

FINANCIAL RECOVERY
SERVICES OF MINNESOTA,
INC. d/b/a FINANCIAL
RECOVERY SERVICES, INC.,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **JESSICA NEWMAN** ("Ms. Newman" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC. d/b/a FINANCIAL RECOVERY SERVICES, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Ms. Newman, her attorney, or a consumer reporting agency without prior consent of Ms. Newman given

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page 1 of 8

directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

### *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Lee County, Florida, where Defendant has physical locations in Lee County, Florida.

6. Venue is proper in Lee County, Florida, where this tortious cause of action accrued in Lee County.

7. Venue is also proper in Lee County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8. Plaintiff, Ms. Newman, was and is a natural person and, at all times material hereto, is an adult, a resident of Lee County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page **2** of **8**

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of MN, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### Statements of Fact

13. Ms. Newman opened a credit card account with TD Bank USA, N.A. for personal or household use that was assigned a unique account number ending 5346 ("Account").

14. Sometime thereafter, Ms. Newman encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page **3** of **8**

17. Ms. Newman never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Ms. Newman's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22. The information conveyed by Defendant to its third-party vendor included Ms. Newman's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Ms. Newman allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Ms. Newman.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Ms. Newman to its third-party vendor(s).

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page 4 of 8

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Ms. Newman and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Ms. Newman and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Ms. Newman.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Ms. Newman.

28. For example, on or around September 24, 2021, Defendant used a third-party vendor to send a letter directly to Ms. Newman in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's September 24, 2021 letter was addressed directly to Ms. Newman, demanded a total amount due of $1,263.70, and offered the option to pay online, pay by mail using the attached coupon, or pay by phone, and represented that Defendant's September 24, 2021 letter was "an attempt to collect a debt. Any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's letters to Ms. Newman were done in connection with the collection of the alleged Debt.

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page 5 of 8

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31. Ms. Newman re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Ms. Newman is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Ms. Newman, her attorney, or a consumer reporting agency without the prior consent of Ms. Newman given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Ms. Newman has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page 6 of 8

38. Defendant's actions have damaged Ms. Newman by causing her stress.

39. Defendant's actions have damaged Ms. Newman by causing her anxiety.

40. Defendant's actions have damaged Ms. Newman by being an annoyance.

41. Defendant's actions have damaged Ms. Newman by causing her aggravation.

42. It has been necessary for Ms. Newman to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **JESSICA NEWMAN**, demands a trial by jury on all issues so triable.

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page 7 of 8

Respectfully submitted this **March 1, 2022**,

/s/ *Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Newman v. Financial Recovery Services of Minnesota, Inc. d/b/a Financial Recovery Services, Inc.*
Page **8** of **8**

Filing # 144819828 E-Filed 03/01/2022 01:33:54 PM

# EXHIBIT A



UEP1 813
PO BOX 4115   3827430321000
CONCORD CA 94524

RETURN SERVICE REQUESTED

September 24, 2021

JESSICA H NEWMAN

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN 55438-5908
1-833-417-0166

CURRENT CREDITOR: TD BANK USA, N.A.
ORIGINAL CREDITOR: TD BANK USA, N.A.
REGARDING: TARGET CREDIT CARD
ACCOUNT NUMBER: XXXXXXXXXXXX5346
DATE OF LAST PAYMENT: 07/20/2020
CHARGE-OFF DATE: 03/17/2021
TOTAL BALANCE DUE: $1263.70
FRS FILE NUMBER:
ON-LINE PIN NUMBER:
(Used to access and view your file on WWW.FIN-REC.COM)

******Validation Notice******

The account(s) listed above have been assigned to this agency for collection. If you pay $1263.70, the above-referenced account will be considered paid in full. To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th ST. Suite 200. Edina, MN 55435.

This communication is from a debt collection agency licensed by the Minnesota Department Of Commerce.

Sincerely,
MONTY MAITLAND
Account Manager
Toll Free: 1-833-417-0166

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

See reverse side for important Information.

Office hours are: Monday-Thursday 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

*Detach Coupon And Mail Payment*

1 OF 3
FRS File #.

1-833-417-0166
Balance due as of September 24, 2021: $1263.70
Amount enclosed:_____
Home phone:_____
Work phone:_____
Cell phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 013

2 OF 3
FRS File #.

1-833-417-0166
Balance due as of September 24, 2021: $1263.70
Amount enclosed:_____
Home phone:_____
Work phone:_____
Cell phone:_____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 013

3 OF 3
FRS File #.

1-833-417-0166
Balance due as of September 24, 2021: $1263.70
Amount enclosed:_____
Home phone:_____
Work phone:_____
Cell phone._____

Financial Recovery Services, Inc.
P.O. Box 385908
Minneapolis, MN 55438-5908
Letter Code Sent: 013