UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA NEWMAN,

    Plaintiff,

v.                                    Case No.:  2:22-cv-217-SPC-MRM

FINANCIAL RECOVERY
SERVICES OF MINNESOTA,
INC.,

    Defendant.
_____/

**OPINION AND ORDER**[1]

Defendant moves to stay this Fair Debt Collection Practices Act case pending an en banc decision by the Eleventh Circuit in *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, No. 19-14434 (11th Cir.).  (Doc. 11).  The request is unopposed.  Defendant wants a stay because *Hunstein* will address whether a party in a position like Plaintiff has Article III standing.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  If "a federal appellate decision . . . is likely to have substantial or controlling

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

effect on the claims and issues," a stay might be proper. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). In fact, upcoming appellate guidance is "a good [reason], if not an excellent one" to stay a case. *Id.*

Stays, however, "must not be immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (cleaned up). To decide that issue, "both the scope of the stay (including its potential duration) and the reasons cited" are relevant. *Id.* At bottom, courts "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the requested stay is not immoderate. Defendant seeks to stay the case pending an en banc decision in *Hunstein*. Numerous cases reiterate a forthcoming appellate opinion on the same, dispositive issue is a valid reason to stay. *E.g.*, *Bailey v. Six Flags Entertainment Corp.*, No. 1:17-CV-3336-MHC-AJB, 2019 WL 8277243, at *1 (N.D. Ga. Dec. 31, 2019) (staying while the Eleventh decided a similar standing question en banc); *Ring v. City of Gulfport*, No. 8:20-cv-593-T-33CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020). And while nobody can say when the Eleventh will issue its opinion, this is not an open-ended, indefinite stay. The stay will expire when *Hunstein* gets decided. This clarifies the stay is not immoderate.

The issue in *Hunstein*—whether a plaintiff in Newman's shoes has standing—is exceptionally important. Standing is a jurisdictional question. So depending on how the Eleventh rules, the Court may be unable to proceed at all. If the Court has no jurisdiction, any further litigation here is improper. *See, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). This Court does not play fast and loose with Article III's limitations on the power of federal courts. By awaiting the en banc opinion, the Court can ensure this case is within its jurisdiction. Nor is the Court alone in concluding this standing issue is crucial. It appears the Eleventh agrees. *See* 11th Cir. R. 35-3 ("A petition for en banc consideration . . . is an extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional importance."). As do other Middle District judges. *See Molina v. Fin. Recovery Servs. of Minn., Inc.*, No. 6:21-cv-1916-ACC-LRH (Doc. 7) (M.D. Fla.); *Rahaman v. Caine & Weiner Co.*, No. 6:21-cv-1908-PGB-GJK (Doc. 13) (M.D. Fla.); *Manfredy v. Com. Acceptance Co.*, No. 6:21-cv-01893-ACC-DCI (Doc. 10) (M.D. Fla.); *Ruales v. Monarch Recovery Mgmt., Inc.*, No. 6:21-cv-01949-ACC-EJK (Doc. 10) (M.D. Fla.); *Grant v. Healthcare Revenue Recovery Grp., LLC*, No. 8:21-cv-01977-TPB-CPT (Doc. 26) (M.D. Fla.); *Topalli v. N. Am. Credit Servs., Inc.*, No. 8:21-cv-01514-TPB-SPF (Doc. 15) (M.D. Fla.).

The issue in *Hunstein* is not only important, judicial economy strongly favors a stay. So the Court exercises its discretion to grant one.

Accordingly, it is now

**ORDERED:**

Defendant's Unopposed Motion to Stay (Doc. 11) is **GRANTED**. This case is **STAYED** pending the Eleventh Circuit's en banc decision in *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, No. 19-14434 (11th Cir.).

1. The parties must jointly **FILE** a status report on the status of *Hunstein* **by July 19, 2022**, and **every ninety (90) days after**.

2. The parties must jointly **NOTIFY** the Court **within seven (7) days** of a resolution in *Hunstein*.

3. The Clerk is **DIRECTED** to **ADD** a stay flag on the docket.

**DONE** and **ORDERED** in Fort Myers, Florida on April 20, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4