## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JESSICA NEWMAN,** | ) |
| | ) **CIVIL ACTION NO.** |
| **Plaintiff,** | ) **2:22-cv-217-SPC-KCD** |
| | ) |
| v. | ) |
| | ) |
| **FINANCIAL RECOVERY SERVICES** | ) |
| **OF MINNESOTA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S BRIEF ON PLAINTIFF'S LACK OF ARTICLE III STANDING

Defendant, Financial Recovery Services of Minnesota, Inc. ("FRS), by and through undersigned counsel hereby files its response to this Court's September 19, 2022 Order (ECF NO. 18) directing the parties to show cause as to why this matter should not be dismissed for lack of subject-matter jurisdiction, pursuant to the Eleventh Circuit's decision in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, ___ F.4th ___, 2022 WL 4102824 (11th Cir. Sept. 8, 2022).

### I.   ELEVENTH CIRCUIT DECISION

On September 8, 2022, the Eleventh Circuit Court of Appeals issued its *en banc* decision in *Hunstein* vacating the District Court's order of dismissal and remanding the matter with instructions to dismiss the case, without prejudice, due to the Plaintiff's lack of Article III standing. *Id*. at *10.

In *Hunstein*, the Plaintiff alleged a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692c(b) based on a debt collector's transmission of information about the Plaintiff's debt to its mail vendor agent which in turn sent Plaintiff a letter on behalf of the collector demanding payment. *Id*. at *1.  The Plaintiff "identified no specific harm in his complaint," but

claimed that the debt collector's sending of information about his debt to a mail vendor caused him a concrete injury because "it was analogous to the common-law tort of public disclosure." *Id*. The Eleventh Circuit, relying on the Supreme Court's ruling in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S.Ct. 2190 (2021) held that harm from a statutory violation had to be "real" in order to be concrete, that Mr. Hunstein'*s* alleged injury lacked "a necessary element of the comparator tort – the requirement that the disclosure be *public*," and therefore because the Plaintiff did not allege any real harm, he lacked standing to pursue his claim in Federal Court. *Id*.

The Eleventh Circuit examined the common law counterpart to 15 U.S.C. §1692c(b), (invasion of privacy by public disclosure of private facts) but determined that the harm "is not similar to the old harm cited, disclosure to the public. That traditional tort requires publicity, and Hunstein alleged none." *Id*. at *3. The Court rejected the argument that a concrete harm existed based upon the disclosure of information about a debt that was not publicized and declared, "[n]o concrete harm, no standing." *Id*. at *10.

## II.   PLAINTIFF'S ALLEGATIONS

Ms. Newman's allegations in this matter are analogous to the claims made in *Hunstein*. Plaintiff contends that she incurred a debt that was placed with FRS for collection. *See*, [ECF No. 1 at ¶¶ 13-14].[1] Plaintiff avers that FRS shared her information with various vendors, including a letter vendor, that sent a letter on FRS' behalf on or about September 24, 2021. [¶ 28]. Unlike *Hunstein*, Plaintiff alleges various forms of damages, including stress, anxiety, annoyance, aggravation and having incurred legal fees. [¶¶ 38-42].

Based solely on these allegations, Plaintiff asserts a claim under the FDCPA, § 1692c(b) for disclosing information about Plaintiff's debt to a letter vendor. [¶ 36].

---

[1] All further references to the Complaint will be by paragraph number only.

**III.     PLAINTIFF LACKS STANDING AND THIS CASE MUST BE DISMISSED**

This case is one of many filed after the Eleventh Circuit's panel opinion in *Hunstein*, 944 F.3d 1341 (11th Cir. 2021)  arising from the use by a debt collector's use of a mail vendor to send out a collection demand letters.

The allegations here fail to establish any publicity of the information which is required to establish harm resulting from the disclosure.  *See, Hunstein*, 2022 WL 4102824, at *3 ("Without publicity, none of the exposure targeted by the tort of public disclosure is at play.  He thus has failed to allege a concrete harm, and has no standing to bring his suit").

Because Plaintiff only alleges a statutory violation devoid of real harm, this Court must apply Eleventh Circuit precedent and dismiss the Complaint for lack of standing because "an injury in law is not an injury in fact."  *Hunstein*, *citing TransUnion, supra*.  Rather only an alleged harm that is "concrete and particularized and actual or imminent, not conjectural or hypothetical is enough to show that a party has a case or controversy rather than, say, a strong and abiding interest in an issue, or a desire to obtain attorney's fees." *See*, *Hunstein* at * 4 (internal citations omitted).

Even though Plaintiff claims stress, anxiety, aggravation, and attorney fees to support her claim, such alleged damages have routinely been determined to be insufficient to establish Article III standing.  *See, e.g., Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (holding stress and confusion— without accompanying physical manifestation —do not suffice for standing); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (rejecting "stress," "anxiety," and "uncertainty" as bases for FDCPA standing) and *Garland v. Orlans, PC*, 999 F.3d 432, 440 (6th Cir. 2021) (finding the plaintiff's injuries cannot create standing "[b]ecause bare allegations of confusion and anxiety do not qualify as injuries in fact").

## IV. CONCLUSION

As the Eleventh Circuit explained, the Supreme Court "has cut a straightforward path" for this Court's analysis of Plaintiff's standing "where [she] alleges no harm besides the violation of a statute." *Hunstein*, at *1. "No concrete harm, no standing." *TransUnion*, 141 S.Ct. at 2214.

Plaintiff filed this case asserting analogous claims as those in *Hunstein*. As such, Plaintiff's claims should be dismissed.

                THE LAW OFFICES
                   OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar #335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant*

400 S. Dixie Hwy
#322 Boca Raton,
Florida 33432
*Local Address*

4

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via CM/ECF system on this 3rd day of October, 2022:

>Kaelyn Diamond, Esq.
>2561 Nursery Road, Suite A
>Clearwater, FL 33764
>kaelyn@attorneydebtfighters.com
>*Attorney for Plaintiff*

>/s/ Ronald S. Canter
>Ronald S. Canter, Esquire
>*Attorney for Defendant*