UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA NEWMAN,

    Plaintiff,

v.                                    Case No.:  2:22-cv-217-SPC-KCD

FINANCIAL RECOVERY
SERVICES OF MINNESOTA,
INC.,

    Defendant.
_____/

**ORDER**[1]

    This is a Fair Debt Collection Practices Act ("FDCPA") case.  Plaintiff Jessica Newman accuses Defendant Financial Recovery Services of Minnesota, Inc. of communicating debt information to a third party in violation of the FDCPA.  Plaintiff originally filed her case in state court and Defendant removed to federal court under federal question jurisdiction.  (Doc. 1); *See* 28 U.S.C. § 1331, 28 U.S.C. § 1441(b).

    The Court stayed this case pending the Eleventh Circuit's decision in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236 (11th Cir. 2022).  (Doc. 12).  *Hunstein* has since been decided and the Court found the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

plaintiff lacked Article III standing in a FDCPA suit where the only harm alleged was that a creditor sent debt information to a third party who then populated the information in a form letter sent to the plaintiff. *Hunstein*, 48 F.4th at 1250.

Because of *Hunstein*, the Court ordered the parties to show cause why this case should not be dismissed for lack of subject-matter jurisdiction (i.e., standing). (Doc. 18). Defendant responded that Plaintiff lacks standing and the case must be dismissed. (Doc. 19). Plaintiff agrees she lacks standing but argues for the Court to a remand of her claims to state court. (Doc. 20).

Given *Hunstein* and Plaintiff's allegations in the Complaint, the Court finds Plaintiff lacks standing to proceed in federal court. Because this case began in state court, which has broad jurisdictional standing requirements under the Florida Constitution, the Court will remand the case. *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 993-94 (11th Cir. 2022) ("When a civil case has been removed from state court to federal court, a district court must remand that removed case back to state court when the district court does not have subject matter jurisdiction."); *Grigorian v. FCA US, LLC*, No. 2021-000976-CA-44, 2021 Fla. Cir. LEXIS 1436, *8 (Fla. 11th Cir. July 12, 2021) (finding the plaintiff had standing in state court under Florida jurisdictional limits for claims brought under the federal Telephone Consumer

Protection Act). It will be up to the state court to determine if Plaintiff may proceed there.

Accordingly, it is now

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 18, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record